**GRAND JURY INVESTIGATION IN RE TEAMSTERS LEAGUE OF PHILADELPHIA AND VICINITY.**

Misc. No. 2397.

United States District Court
E. D. Pennsylvania.
April 19, 1962.

148

Thomas F. McBride, Special Attorney, United States Dept. of Justice, Washington, D. C., for the Government.

John Patrick Walsh, Philadelphia, Pa., for witness, David Cohen.

CLARY Chief Judge.

Thomas F. McBride, Esq., Special Attorney, United States Department of Justice, of Washington, D. C., has moved the Court to compel a witness, David Cohen, to produce certain personal records for examination by the Grand Jury and to supply details of certain transactions and events previously testified to by the witness when formerly under subpoena by the Grand Jury.

The Grand Jury, impaneled on February 15, 1961, has been investigating the activities of the Teamsters League of Philadelphia and Vicinity. One of the prime targets of the investigation is Raymond Cohen, Business Agent for Highway Truck Drivers, Helpers and Chauffeurs, Local 107 of the International Brotherhood of Teamsters. On October 26, 1961, in response to a subpoena, Mr. David Cohen, an attorney and no relation to Raymond Cohen, appeared before the Grand Jury. He had been called upon to produce certain books, records and documents relating to financial transactions engaged in by the witness for or on behalf of Raymond Cohen for the period January 1, 1959 to date. The witness appeared in answer to the subpoena with his records and testified freely at the morning session and after the testimony of two witnesses at the afternoon session, was further recalled and testified rather extensively, covering some 78 pages of testimony. He testified apparently quite frankly with respect to any questions asked him by the Special Attorney of the United States Department of Justice and exhibited freely any documents which were requested.

At the session of October 26, 1961, the witness was asked whether he had any objection to having F.B.I. investigators examine any and all pertinent documents at his office to which request the witness willingly acceded. It has been stated of record at the hearing that such examination was made by an agent of the F.B.I. over a period of five to six weeks.

He was again subpoenaed for the session of January 11, 1962, produced his records, and answered quite fully questions pertaining to his activities in connection with Raymond Cohen.

He was again recalled before the Grand Jury on March 16, 1962 and was then informed that the direction of the inquiry of the Grand Jury had changed to encompass an investigation of income tax violation as related to Raymond Cohen but collaterally as they may relate to any individual, including the witness himself. Although he refused to answer

a question as to whether he would agree to an additional examination of his books and records by Special Agents from the Internal Revenue Service, he did answer questions which amplified testimony previously given by him about moneys paid on behalf of Raymond Cohen.

Again summoned with his records before the same Grand Jury on Thursday, April 12, 1962, he appeared with his records and invoked the Fifth Amendment, stating that he refused as an individual to turn over his records to the Internal Revenue Service for examination and would refuse to discuss further his financial transactions on the basis that answers to the questions might tend to incriminate him in the light of the new direction of the inquiry, to wit, income tax evasion.

An oral motion was made to the undersigned on April 12, 1962 to compel the witness to give answers to certain questions and for a direction to him to turn over his records to the Grand Jury for examination by the Internal Revenue Service. The Court orally refused the motion but stated that if a hearing were desired, one would be granted. The hearing was requested and was held on Tuesday, April 17, 1962, attended by the Special Attorney of the United States Department of Justice, the witness, his counsel, and the Grand Jury. The thrust of the Government's argument in support of its motion is that the witness, by appearing and testifying and exhibiting his records which are now in his possession, has waived any privilege and must produce his records and testify fully in respect thereof. The contention of the witness, through his counsel, is that with the change of the ground rules and with himself being the target of an income tax investigation, he has made timely claim of privilege.

The Government cited the case of Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1918) as illustrative of the scope of a Grand Jury investigation and cites Ballantyne v. United States, 237 F.2d 657 (5 Cir., 1956) and United States v. St. Pierre, 132 F.2d 837, 147 A.L.R. 240 (2 Cir., 1942) in support of its contention. The witness cites United States v. Miranti, 253 F.2d 135 (2 Cir., 1958) in support of his claim of timely privilege.

The Court has carefully read the testimony of the witness before the Grand Jury. While the testimony relates rather unusual circumstances in connection with the purchase of a boat, a bank loan, purchase of insurance stocks, and the placing of an insurance contract, there cannot possibly be gathered from the four corners of his testimony any admission on his part or confession that any crime had been committed by him or anyone else. This immediately distinguishes and makes completely inapposite the case of United States v. St. Pierre, supra, upon which the Government places such great reliance. Judge Learned Hand properly held in that case that where a witness has confessed all the elements of a crime he may not withhold the details. This situation is not present in the instant case. In connection with possible kickbacks to Raymond Cohen, a violation of what are loosely termed "labor laws", the witness did not appear to be other than cooperative. It may well be possible that the transactions which the witness has admitted he had with Cohen, together with checks, vouchers, etc., in connection with those matters which he at one time produced before the Grand Jury and which apparently were not examined, although actually in the custody of the Grand Jury, may, with other evidence, contain incriminating evidence when viewed in the light of an income tax violation case. The Court finds that the witness never waived any privilege in respect of testimony concerning his income tax liability.

The decisions of the United States Supreme Court have in recent years liberally construed the protection afforded by the Fifth Amendment. Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225; Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931; Trock v. United States, 351 U.S. 976, 76 S.Ct. 1048, 100 L.Ed. 1493;

**150**

Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997.

The Court holds in the instant case that the claim of privilege has been timely asserted; that it has not been waived. The motion of the Government to compel the witness to further answer before the Grand Jury and to turn over his records to the Grand Jury is DENIED, witness's constitutional plea is SUSTAINED, and it is SO ORDERED.